ANTHONY P. SGRO, ESQ.
Nevada Bar No. 3811
JENNIFER WILLIS ARLEDGE, ESQ.
Nevada Bar No. 8729
SGRO & ROGER
720 South Seventh Street, 3rd Floor
Las Vegas, Nevada 89101
Telephone: (702) 384-9800
Facsimile: (702) 665-4120
tsgro@sgroandroger.com
jarledge@sgroandroger.com
*Attorneys for Plaintiff Rayven*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RAYVEN LAFUA,<br><br>                  Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a law enforcement agency of the State of Nevada; SERGEANT KASHIF SUMMERS, in his individual and official capacity; CAPTAIN KRISTINE BUIST, in her individual and official capacity, DOE DEFENDANTS 1 through 10; and ROE DEFENDANTS 1 through 10, inclusive,<br><br>                  Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff RAYVEN LAFUA, by and through his attorneys of record, the law firm of SGRO & ROGER, hereby complains and alleges against Defendants LAS VEGAS METROPOLITAN POLICE DEPARTMENT, SERGEANT KASHIF SUMMERS, CAPTAIN KRISTINE BUIST, and each of them as follows:

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based upon 28 U.S.C. § 1331, 1343, and 1367.

## VENUE

2. Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 as the actions described herein occurred in Clark County, Nevada and the Defendants reside in Clark County, Nevada.

## PARTIES

3. Plaintiff RAYVEN LAFUA (hereinafter "Officer Lafua" or "Plaintiff") is, and at all times relevant to this action was, a peace officer employed by Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT.

4. Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT (hereinafter "LVMPD") is, and at all times relevant to this action was, a "law enforcement agency" as defined by NRS 289.010(2), in the State of Nevada, County of Clark.

5. Defendant SERGEANT KASHIF SUMMERS (hereinafter "Sgt. SUMMERS") is, and at all times relevant herein was, a resident of Clark County, Nevada. He is sued both in his capacity as a sergeant and in his individual capacity. At all relevant times, Sgt. SUMMERS was acting under the color of law and authority as an LVMPD sergeant.

6. Defendant CAPTAIN KRISTINE BUIST (hereinafter "Capt. BUIST") is, and at all times relevant herein was, a resident of Clark County, Nevada. She is sued both in her capacity as a captain and in her individual capacity. At all relevant times, Capt. BUIST was acting under the color of law and authority as an LVMPD sergeant.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants herein designated as DOE DEFENDANTS 1 through 10 and ROE DEFENDANTS 1 through 10 are unknown to Officer Lafua at this time, who therefore sues said Defendants by such fictitious names. Officer Lafua is informed and believes and thereon alleges the DOE and ROE defendants are responsible for the wrongful or related acts

complained of and described more fully herein, and include, but are not limited to, additional LVMPD officers involved in the supervision, instruction, and/or training of SERGEANT KASHIF SUMMERS, CAPTAIN KRISTINE BUIST, and other LVMPD officers, along with additional officers and public servants involved in the actions specifically described in this Complaint. Officer Lafua will seek leave to amend this Complaint to allege the true names and capacities of DOE and ROE Defendants as they become known.

## GENERAL ALLEGATIONS

8. Plaintiff repeats, restates, and incorporates all preceding paragraphs as if fully set forth herein.

9. On June 8, 2022, while off duty, Officer Lafua was driving his private vehicle when he was struck by another driver. Despite causing the collision, the driver of the other vehicle refused to stop as required by law.

10. Officer Lafua called 911 and followed the other vehicle. The female driver of the other vehicle stopped at an intersection at which time Officer Lafua approached the driver's side of the case. Officer Lafua noticed a male passenger as he directed the driver to turn off the engine.

11. As Officer Lafua attempted to push the ignition button, the female became combative. Officer Lafua pushed the female to stop her from hitting him. Thereafter, the driver was able to leave the area.

12. Upon information and belief, other citizens saw the interaction between Officer Lafua and the other driver and called 911 to report the matter. When LVMPD realized that Officer Lafua was employed by LVMPD, representatives from the Criminal Internal Affairs Bureau ("Criminal IAB") and administrators responded to the scene.

13. The sergeant assigned to the Enterprise area command told Officer Lafua that Criminal IAB detectives were responding to the scene and wanted to speak with him.

14. Officer Lafua did not believe he was free to leave because the sergeant assigned to the Enterprise area command told him he was not allowed to leave the area.

15. Officer Lafua declined to discuss the matter with Sgt. SUMMERS and asked for his union representative. Sgt. SUMMERS called the union hotline to request a representative for Officer Lafua.

16. Dan Coyne, a representative of the police officers' union, Las Vegas Police Protective Association ("LVPPA"), responded to the location and met with Officer Lafua. Mr. Coyne learned that Officer Lafua had been detained for an extended time (approximately two hours) and did not feel that he was free to leave although he wanted to go home.

17. Mr. Coyne spoke to Capt. BUIST and informed her that Officer Lafua had been detained for approximately two (2) hours in violation of his constitutional rights and Nevada law.

18. Capt. BUIST informed Mr. Coyne that Officer Lafua was not free to leave and that she would discuss the matter with him after the administrators had concluded their meeting. Within minutes of that conversation, Criminal IAB Sgt. SUMMERS told Mr. Coyne that Officer Lafua was free to leave.

## FIRST CLAIM FOR RELIEF
### (Violation of Civil Rights – Detention Without Arrest)

19. Plaintiff repeats, restates, and incorporates all preceding paragraphs as if fully set forth herein.

20. A police officer may detain a suspect when the officer has a reasonable suspicion that the individual has committed a crime. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 2868( 1968);

NRS 171.123(1). Police must diligently pursue their investigation to confirm or dispel their suspicions. *United States v. Sharpe*, 470 U.S. 675, 105 S.Ct. 1568 (1985).

21. In Nevada, NRS 171.123(4) limits the length of detention to a maximum of sixty minutes (60). *Barrios-Lomeli v. State*, 114 Nev. 779, 961 P.2d 750 (1997). Thereafter, NRS 171.1231 mandates that, "if, after inquiry into the circumstances which prompted the detention, no probable cause for arrest appears, such person shall be released." NRS 171.1231.

22. While detaining Officer Lafua, Sgt. SUMMERS and Capt. BUIST did not take any steps to investigate the motor vehicle collision or the interaction between Officer Lafua and the other driver.

23. Sgt. SUMMERS delayed the investigation in order for the administrators, including Capt. BUIST, to provide him direction.

24. Sgt. SUMMERS' and Capt. BUIST'S detention of Officer Lafua was a violation of his Fourth Amendment rights.

25. Sgt. SUMMERS and Capt. BUIST exceeded the statutory 60-minute limitation for detaining a person when no probable cause for arrest appears.

26. When Mr. Coyne told Capt. BUIST that Officer Lafua wanted to leave, Capt. BUIST told Mr. Coyne that Officer Lafua was not free to leave.

27. When Sgt. SUMMERS realized that he did not have reason to detain Officer Lafua, he was immediately allowed to leave.

28. Upon information and belief, Officer Lafua was detained unlawfully at the instruction or request of Sgt. SUMMERS and Capt. BUIST.

29. Sgt. SUMMERS' and Capt. BUIST'S failure to promptly investigate caused the unlawful detention of Officer Lafua.

30. Defendants' actions were committed knowingly, willfully, and maliciously, with the intent to harm, injure, vex, harass, and oppress Officer Lafua, or at a minimum, were performed with a reckless disregard for Officer Lafua's rights.

31. As a direct and proximate result of Defendants' unlawful conduct, Officer Lafua is entitled to compensatory and punitive damages, reasonable attorney's fees and costs against Defendants.

**SECOND CLAIM FOR RELIEF**
(Violation of Civil Rights – Wrongful Arrest)

32. Plaintiff repeats, restates, and incorporates all preceding paragraphs as if fully set forth herein.

33. NRS 171.124(1)(a) allows an officer to arrest a suspect without a warrant, "for a public offense committed in the officer's presence."

34. Qualified immunity does not shield state officials from damages if the official violated a statutory or constitutional right, as long as the right was "clearly established" at the time. *Ashcroft v. al-Kidd*, 583 U.S. 731, 735, 131 S.Ct. 2074 (2011).

35. The Fourth Amendment protects the right against unreasonable searches and seizures, and an arrest is a seizure under the Fourth Amendment. *Dunaway v. New York*, 442 U.S. 200, 207-208, 99 S.Ct. 2248 (1979).

36. No other officer was present during the at the time of the motor vehicle collision that Officer Lafua was in. Neither Sgt. SUMMERS nor Capt. BUIST witnessed the collision or the subsequent interaction between Officer Lafua and the other driver. Therefore, neither Sgt. SUMMERS nor Capt. BUIST could arrest Officer Lafua for any offense related to the motor vehicle collision without a warrant.

37. Further, neither Sgt. SUMMERS not Capt. BUIST had probable cause to arrest Officer Lafua for any offense. At the time Officer Lafua was detained, Sgt. SUMMERS and Capt. BUIST did not have probable cause to believe that Officer Lafua had committed a crime.

38. Upon information and belief, Officer Lafua was wrongfully detained at the instruction or request of Sgt. SUMMERS as he was involved in the criminal investigation related to the motor vehicle collision.

39. Upon information and belief, Officer Lafua was wrongfully detained at the instruction of Capt. BUIST as she was involved in the criminal investigation related to the motor vehicle collision.

40. Defendants' actions were committed knowingly, willfully, and maliciously, with the intent to harm, injure, vex, harass, and oppress Officer Lafua, or at a minimum, were performed with a reckless disregard for Officer Lafua's rights.

41. As a direct and proximate result of Defendants' unlawful conduct, Officer Lafua is entitled to compensatory and punitive damages, reasonable attorney's fees and costs against Defendants.

**THIRD CLAIM FOR RELIEF**
**(Negligent Training and Supervision against LVMPD)**

42. Plaintiff repeats, restates, and incorporates all preceding paragraphs as if fully set forth herein.

43. Dan Coyne was present at the scene for approximately ten minutes before Officer Lafua's release.

44. Upon Mr. Coyne's arrival, Capt. BUIST told Mr. Coyne that Officer Lafua was not free to leave. Several minutes later, Sgt. SUMMERS informed Mr. Coyne that Plaintiff was free to leave.

45. Sgt. SUMMERS and Capt. BUIST violated Officer Lafua's Constitutional rights with no protest from LVMPD management. Capt. BUIST'S statement that Officer Lafua was not free to leave and that she would speak with Mr. Coyne after administrators concluded their meeting establishes that LVMPD was aware of the constitutional violations and continued to illegally detain Officer Lafua.

46. LVMPD has a duty to the public to properly train and supervise its officers to maintain the safety, security, and rights of the public.

47. LVMPD breached its duty of care by inadequately training and supervising LVMPD officers.

48. As a result of LVMPD's negligent training and supervision, Officer Lafua has been damaged.

49. As a direct and proximate result of Defendants' unlawful conduct, Officer Lafua is entitled to compensatory and punitive damages, reasonable attorney's fees and costs against Defendants.

### FOURTH CLAIM FOR RELIEF
(Intentional Infliction of Emotional Distress)

50. Plaintiff repeats, restates, and incorporates all preceding paragraphs as if fully set forth herein.

51. Defendants' actions described herein were extreme and outrageous with either the intention of or reckless disregard for causing Officer Lafua emotional distress.

52. Defendants' actions inflicted severe or extreme emotional distress upon Officer Lafua.

53. As a direct and proximate result of Defendants' extreme and outrageous conduct, Officer Lafua is entitled to compensatory and punitive damages, reasonable attorney's fees and costs against Defendants.

**FIFTH CLAIM FOR RELIEF**
(False Imprisonment)

54. Plaintiff repeats, restates, and incorporates all preceding paragraphs as if fully set forth herein.

55. Sgt. SUMMERS and Capt. BUIST undertook affirmative acts to confine Officer Lafua at the scene of the motor vehicle collision.

56. Sgt. SUMMERS' and Capt. BUIST'S acts directly and indirectly resulted in the confinement of Officer Lafua.

57. Officer Lafua was aware of the confinement because he told Mr. Coyne that he felt he was not free to leave and Officer Lafua was harmed by the detention.

58. As a direct and proximate result of Defendants' extreme and outrageous conduct, Officer Lafua is entitled to compensatory and punitive damages, reasonable attorney's fees and costs against Defendants.

**SIXTH CLAIM FOR RELIEF**
(Violation of Civil Rights – Municipal Liability against LVMPD)

59. Plaintiff repeats, restates, and incorporates all preceding paragraphs as if fully set forth herein.

60. Sgt. SUMMERS' and Capt. BUIST'S actions were a direct result of their training and experience, and their understanding of LVMPD's customs, practices, and policies.

61. As a result of Sgt. SUMMERS and Capt. BUIST'S following LVMPD'S custom, practices, and policies while acting under color of state law, engaging in an unlawful search and seizure, Officer Lafua was deprived of his life and liberty.

62. Defendants' actions were committed knowingly, willfully, and maliciously, with the intent to harm, injure, vex, harass, and oppress Officer Lafua, or at a minimum, were performed with a reckless disregard for Officer Lafua's rights.

63. As a direct and proximate result of Defendants' unlawful conduct, Officer Lafua is entitled to compensatory and punitive damages, reasonable attorney's fees and costs against Defendants.

WHEREFORE, Plaintiff seeks judgment as follows:

1. An award of compensatory damages to Plaintiff and against Defendants, jointly and severally, in excess of $75,000.00;

2. An award of punitive damages to Plaintiff and against Defendants, jointly and severally, in an amount to be determined at trial;

3. An award of attorney's fees in favor of Plaintiff pursuant to Nevada and/or Federal law enforceable jointly and severally against Defendants;

4. An award of costs in favor of Plaintiff pursuant to Nevada and/or Federal law enforceable jointly and severally against Defendants;

5. An award of such other and further relief as the court deems just.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues triable before a jury.

Dated this 14th day of December, 2022.

SGRO & ROGER

*/s/ Jennifer W. Arledge*
ANTHONY P. SGRO, ESQ.
Nevada Bar No. 3811
JENNIFER WILLIS ARLEDGE, ESQ.
Nevada Bar No. 8729
720 South Seventh Street, 3rd Floor
Las Vegas, Nevada 89101
*Attorneys for Plaintiff Rayven Lafua*