UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RAYVEN LAFUA, ) <br>              Plaintiff, ) <br> vs. ) <br> ) <br> LAS VEGAS METROPOLITAN POLICE ) <br> DEPARTMENT, *et al.*, ) <br> ) <br>              Defendants. ) <br> ) | Case No.: 2:22-cv-02133-GMN-BNW <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 7), filed by Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Sergeant Kashif Summers ("Sergeant Summers"), and Captain Kristine Buist ("Captain Buist") (collectively, "Defendants"). Plaintiff Rayven LaFua ("Plaintiff") filed a Response, (ECF No. 12), to which Defendants filed a Reply, (ECF No. 13).  For the reasons discussed below, the Court **GRANTS** the Motion to Dismiss.

I.      **BACKGROUND**

This case arises from an incident occurring after Plaintiff, an officer employed by LVMPD, was involved in a car accident while off duty. (Compl. ¶ 9, ECF No. 1). Plaintiff alleges that a driver struck his vehicle and, despite causing the accident, the driver refused to stop. (*Id.* ¶¶ 9–10). Plaintiff called 911 and followed the other vehicle. (*Id.*). When the vehicle stopped at an intersection, Plaintiff contends he approached the driver's side of the vehicle and directed the driver to turn off the engine; when the driver refused, Plaintiff reached into the vehicle himself to shut off the vehicle's engine. (*Id.* ¶¶ 10–11). A physical altercation ensued between Plaintiff and the other driver. (*Id.* ¶ 12). Plaintiff alleges that, because Plaintiff is a police officer, representatives from the Criminal Internal Affairs Bureau ("CIAB") were called

to the scene. (*Id.*). Sergeant Summers also responded, and informed Plaintiff that CIAB wanted to speak with him. (*Id.* ¶ 13). Plaintiff "did not believe he was free to leave [because] the sergeant assigned to the Enterprise area command told him he was not allowed to leave the area." (*Id.* ¶ 14).

Plaintiff declined to speak with Sergeant Summers about the incident and requested that a union representative be present. (*Id.* ¶ 15). When Dan Coyne ("Mr. Coyne"), a representative from Las Vegas Police Protective Association ("LVPPA"), arrived at the scene, Plaintiff explained to Mr. Coyne that he had been detained for approximately two hours, and "did not feel that he was free to leave although he wanted to go home." (*Id.* ¶ 16). Plaintiff alleges that Mr. Coyne spoke with Captain Buist and informed her that Plaintiff had been detained for approximately two hours, in violation of his constitutional rights and Nevada law. (*Id.* ¶ 16). A few minutes later, Sergeant Summers informed Mr. Coyne that Plaintiff was free to leave. (*Id.* ¶ 18).

Based on these facts, Plaintiff claims the following causes of action against Defendants: (1) unlawful detention in violation of the Nevada Revised Statutes ("NRS") §§ 171.123(4) and 171.1231; (2) wrongful arrest, in violation of NRS § 171.124 *et seq.*; (3) negligent training and supervision against LVMPD; (4) Intentional Infliction of Emotional Distress ("IIED"); (5) false imprisonment; and (6) *Monell* liability against LVMPD.

Defendants filed its motion to dismiss, alleging Plaintiff failed to state a claim upon which relief can be granted for his asserted claims of: (1) municipal (*Monell*) liability; (2) negligent training and supervision; and (3) intentional infliction of emotional distress." (Mot. Dismiss ("MTD") 2:3–7, ECF No. 7).

///

///

///

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

If a court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

Defendants contends that Plaintiff has failed to state a claim upon which relief can be granted for the following causes of action: (1) *Monell* liability; (2) IIED; and (3) negligent training and supervision. The Court discusses each in turn.

### A. *Monell* Liability

The United States Supreme Court has held that, when a municipal policy of some nature is the cause of an unconstitutional action taken by employees, the municipality may be held liable. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690 (1978) ("Our analysis of the legislative history . . . compels the conclusion that Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies.") (emphasis omitted). For a municipality to be held liable, however, the unconstitutional action must "implement[ ] or execute[ ] a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by municipal officers, or must be a "custom" of the municipal officers, even when such custom is not formally adopted or approved by the municipality. *Id.* at 690–91.

A plaintiff alleging *Monell* violations must establish an affirmative link between the policy or custom and the constitutional violation alleged. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). Relying on *Waggy v. Spokane County Washington*, 594 F.3d 707 (9th Cir. 2010), Defendants contend that Plaintiff "must allege facts which, if true, show that the defendant actually had a constitutionally impermissible policy, practice, or custom" to survive a 12(b)(6) motion to dismiss. (MTD 6:4–7). In response, Plaintiff argues "it is not required to identify a specific policy LVMPD violated" and that Plaintiff's Complaint "demonstrates a procedure, custom, or practice of detaining an officer until an IAB investigation has been concluded regardless of how long it takes and what rights have been violated." (Resp. 5:4–27). Specifically, Plaintiff argues, "Since the detention time is limited to sixty (60) minutes, it is not reasonable to believe that the initial responding officer on the scene could identify an involved party as an LVMPD officer, go through the chain of command to contact IAB to respond, and for an IAB representative(s) to arrive at the scene and conduct an interview all within the sixty

///

(60) minutes of the first contact." (Resp. 6:17–25).  Plaintiff fails, however, to include this argument in his Complaint, and instead raises it for the first time in his Response brief.

The Court finds that Plaintiff fails to adequately plead his *Monell* claim.  Plaintiff's Complaint is devoid of any factual allegations supporting his contention that a policy, practice or custom of LVMPD prompted the allegedly unconstitutional acts here.  Instead, Plaintiff's Complaint notes only that Sergeant Summers and Captain Buist, "following LVMPD's custom, practices, and policies while acting under color of state law, engag[ed] in an unlawful search and seizure," thus depriving Plaintiff of his liberty. (Compl. ¶ 61).

In his Response, Plaintiff argues that LVMPD's practice of detaining individuals until a full investigation could be completed by CIAB was guaranteed to violate an individual's civil liberties because "in almost all circumstances," the individual would be detained "for more than sixty minutes." (Resp. 6:21–2).  But Plaintiff fails to allege the same in his Complaint.[1]  Accordingly, the Court DISMISSES Plaintiff's *Monell* claim without prejudice.

### B.     Intentional Infliction of Emotional Distress

A plaintiff alleging IIED must show: (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) the plaintiff's having suffered sever or extreme emotional distress; and (3) actual or proximate causation. *See Olivero v. Lowe*, 995 P.2d 1023, 1025 (Nev. 2000).  Extreme and outrageous conduct is conduct that goes "outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (quotation marks omitted).

Defendants argue that Plaintiff's IIED claim must fail because he "has not identified any conduct by any Defendant . . . which could amount to extreme and outrageous conduct." (MTD

---

[1] The Court does not opine, nor it does suggest, that inclusion of this argument in Plaintiff's Complaint would be sufficient to adequately plead *Monell* liability.

7:8–9). Moreover, Defendants contend that Plaintiff "includes no factual assertions that would explain how the allegedly extreme and outrageous conduct was done with the intention of, or reckless disregard for, causing emotional distress." (MTD 7:16–18). The Court agrees with Defendants.

Plaintiff fails to allege any facts that would support his conclusory statements that "Defendants' actions described herein were extreme and outrageous[.]" (Compl. ¶ 51). In his Response, Plaintiff points only to the following allegations to support his IIED claim: (1) Plaintiff was told by a sergeant that he was not free to leave the area; (2) Plaintiff was held for two hours in violation of his constitutional rights and Nevada law; and (3) Captain Buist told Plaintiff he was not free to leave. None of these facts, taken together or separately, can be considered "extreme and outrageous conduct." Accordingly, the Court DISMISSES Plaintiff's IIED claim without prejudice.

### C. Negligent Training and Supervision

Defendants argue that Plaintiff's negligent training and supervision claim must fail as a matter of law because "decisions relating to the hiring, training and supervision of employees" fall within Nevada's discretionary-function immunity, NRS § 41.032. (MTD 7:19–8:18).

Under Nevada law, state actors are entitled to discretionary-function immunity if the decision: "(1) involve[s] an element of individual judgment or choice and (2) [is] based on considerations of social, economic, or political policy." *Martinez v. Maruszczak*, 168 P.3d 720, 727 (Nev. 2007). Nevada's "discretionary-function immunity statute mirrors the Federal Tort Claims Act," and thus the Court may review federal precedent regarding the FTCA when determining whether state actors are entitled to discretionary-function immunity under NRS § 41.032. *Id.*

When determining whether discretionary-function immunity exists, the court must "assess cases on their facts, keeping in mind Congress' purpose in enacting the exception: to

prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *See Martinez*, 168 P.3d at 729 (quoting *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814 (1984)).  In *Vickers v. United States*, 228 F.3d 944 (9th Cir. 2000), the Ninth Circuit noted that "decisions relating to the hiring training, and supervision of employees usually invoke policy judgment of the type Congress intended the discretionary function exception to shield." 228 F.3d at 950.  The Nevada Supreme Court affirmed this view in *Paulos v. FCH1*, 456 P.3d 589, 595–96 (Nev. 2020) (citing *Vickers* and noting that NRS § 41.032 bars a claim against LVMPD based on LVMPD's negligent hiring, training, and supervision).

Plaintiff notes, "While LVMPD's decision to hire and train officers may involve an element of choice, training officers to violate a person's constitutional and statutory rights is not a choice LVMPD can make." (Resp. 7:25–28).  However, Plaintiff fails to plead sufficient facts in his Complaint detailing how officers are trained to intentionally violate a person's constitutional right.  As noted previously, Plaintiff argues in his Response brief that Defendant's practice of detaining individuals while CIAB investigates is guaranteed to violate one's constitutional rights because it is impossible for CIAB to complete its investigation within sixty minutes. (*See supra* 4:17–21); (*see also* Resp. 6:17–25).  Plaintiff's argument, however, requires the Court to assume CIAB investigators are *trained* to take longer than sixty minutes while conducting their investigation, thus effectuating a practice that violates one's constitutional rights.  The Court declines to make this assumption and therefore finds that Plaintiff's negligent training and supervision claim, without additional factual allegations, fails.  Accordingly, the Court DISMISSES Plaintiff's negligent training and supervision claim without prejudice.

///

///

### IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 7), is **GRANTED.** The Court **DISMISSES** Plaintiff's *Monell* claim, Intentional Infliction of Emotional Distress claim, and negligent training and supervision claim **WITHOUT prejudice**.

**IT IS FURTHER ORDERED** that if Plaintiff seeks to amend the claims dismissed without prejudice in this Order, Plaintiff shall have twenty-one days from the date of this Order to do so.

**DATED** this __26__ day of May, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT